**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MICHAEL BERMAN. | Criminal Action No. 17-313 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Michael Berman's ("Defendant") Motion for Early Termination of Probation. (ECF No. 18.) The United States of America (the "Government") opposed the Motion. (ECF No. 19.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, Defendant's Motion is denied.

**I.   BACKGROUND**

In August 2017, Defendant pled guilty to a one-count Information, with conspiracy to violate the Travel Act, contrary to N.J. Stat. Ann. § 2C:21-10 and 18 U.S.C. § 1952(a)(3), in violation of 18 U.S.C. § 371. (ECF No. 1.) On September 3, 2021, Defendant was sentenced to three years' probation, and was ordered to complete 500 hours of community service, to pay restitution in the amount of $985,000, a fine of $5,000, and a special assessment fee of $100.00. (*See* ECF No. 14.)

Defendant's supervision commenced on September 3, 2021. (Def.'s Moving Br. 1, ECF No. 18.) It is undisputed that Defendant has complied with all conditions of supervision, completed

his community service, and satisfied all financial obligations. (Gov't's Opp'n Br. 1, ECF. No. 19.) Defendant was transferred to this District's Low Intensity Caseload on or about December 3, 2021. (*Id.*) Defendant's three-year term of probation is set to expire on September 2, 2024. (*Id.* at 2.) Based on his compliance with the terms of his sentence over the past twenty-six months, including the financial obligations and all other terms and conditions imposed, Defendant moves for an early termination of his probation term. (Def.'s Moving Br. 1, ECF No. 18.)

**II.     LEGAL STANDARD**

The court may terminate a term of probation prior to its expiration under 18 U.S.C. § 3564(c). The statute provides that:

> [A]fter considering the factors set forth in section 3553(a) to the extent that they are applicable, [the Court] may . . . terminate a term of probation . . . at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

The factors set forth in § 3553(a) are as follows:

(1) the nature and circumstances of the offense and the defendant's history and characteristics (18 U.S.C. § 3553(a)(1));

(2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(B)-(D));

(3) the kinds of sentence and sentencing range established for the defendant's crimes (18 U.S.C. § 3553(a)(4)(A));

(4) pertinent policy statements issued by the U.S. Sentencing Commission (18 U.S.C. § 3553(a)(5));

(5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct (18 U.S.C. § 3553(a)(6)); and

> (6) the need to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7)).

18 U.S.C. § 3553(a).

Extraordinary circumstances may be sufficient to justify early termination, but they are not necessary for the court to grant early termination. *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).

### III. DISCUSSION

#### A. Parties' Arguments

Defendant has set forth several reasons why early termination is appropriate in this case. First, Defendant maintains that his conduct and the interest of justice warrant terminating his probation and discharging him from further supervision. (Def.'s Moving Br. 3.) Defendant states that he has fully paid his fine, completed his other financial obligations imposed at sentencing, and complied with all other terms and conditions of his sentence and probation. (*Id.* at 4.) While conceding that it is "not technically part of his probationary term," Defendant asks the Court to take notice that he was on pretrial supervision for an additional four years from the time since he entered his guilty plea in August 2017. (*Id.*) As such, Defendant asserts that he has shown "for more than eight and [a] half years that he is not a risk to society [of] recidivism." (*Id.*)

Second, Defendant states that he wishes to move closer to his 91-year-old mother, who lives in Florida, so that he can "assist her as needed." (*Id.* at 7.) While conceding that his probation terms could be transferred to a Probation Office in Florida, Defendant believes that a transfer would be unnecessary and wasteful of Probation's resources based on his history of compliance with the terms of his sentence. (*Id.*)

The Government opposes Defendant's motion (*See generally*, Gov't's Opp'n Br.) The Government acknowledges that Defendant has complied with the terms of his probation,

3

completed his 500-hours of community service, and satisfied his financial obligations. (*Id.* at 1.) The Government notes, however, that "[m]ere compliance with terms of probation is expected and does not support early termination." (*Id.* at 4) (citing *United States v. Paterno*, No. 99-037, 2022 WL 1065682, at *3, (D.N.J. Apr. 30, 2022); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003).)

## B.  Analysis

The Court agrees with the Government that early termination of probation is not warranted here. As both parties correctly point out, the Court must keep the 3553(a) factors in mind when making this determination. (Def.'s Moving Br. 3; Gov't's Opp'n Br. 3-5.) The Court aligns with the Government that the nature and circumstances of the offense militate against early termination. *See* 18 U.S.C. § 3553(a)(1). The conduct in question, which transpired from January 2011 until 2013, pertained to a conspiracy in which Defendant, along with his co-conspirators, facilitated the exchange of roughly $1,000,000 in kickbacks. (Gov't's Opp'n Br. 4 (citing PSR ¶¶ 11-29).) Co-conspirator Anthony Curlo ("Curlo") received approximately $2.877 million in contracts from the victim, and co-conspirator Mark Berger ("Berger") received approximately $1 million in cash kickbacks, causing $985,000 in actual losses to the victim. (*Id.* (citing PSR ¶¶ 34, 43).) Despite playing a relatively minor role in the scheme, Defendant admitted that he facilitated the transfer of cash in furtherance of the conspiracy on fifteen to twenty occasions. (*Id.*) The seriousness of the offense and gravity of Defendant's conduct therefore weigh against an early termination of probation. (*Id.*)

Keeping in mind the need to effectuate general deterrence for similar crimes, the Court also refrains from downplaying Defendant's conduct and granting the relief sought here. 18 U.S.C. § 3553 (a)(2)(B)-(D). By fulfilling the remainder of the probationary period, it will ensure that

Defendant does not repeat his criminal conduct and that he will exercise the necessary caution before succumbing to any future pressure to engage in financial crimes. *See* 18 U.S.C. § 3553(a)(2)(D).

The Court, having fully considered the Section 3553(a) factors, finds that early termination is not warranted here. While the Court commends the pace in which Defendant has fulfilled his community service requirements and met his financial obligations, compliance with the terms of probation or supervised release is what is expected of probationers, and without more, cannot justify early termination. *See Caruso*, 241 F. Supp. 2d at 469. Considering the nature of the crimes committed, the Court concludes that Defendant failed to demonstrate that early termination of probation is appropriate.[1] Defendant's request for early termination of probation is therefore denied.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Probation is denied. An appropriate order will follow this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[1] The Court also considers that only slightly more than nine months remain until the completion of Defendant's probationary sentence. If Defendant wishes to move to Florida, he may move forward with his proposed option of transferring the remaining term of probation to the Probation Office in Florida or postpone his move until the brief duration of his current term concludes.